TOWN OF SHERBURNE

v.

**Mike ESPY, Secretary of Agriculture of the United States of America, and The Nature Conservancy**

TOWN OF CHITTENDEN

v.

**The UNITED STATES of America, Mike Espy, Secretary of Agriculture of the United States of America, and The Nature Conservancy.**

Civ. Nos. 5:92–100, 5:92–109.

United States District Court, D. Vermont.

May 18, 1994.

Mark L. Sperry, III, Langrock, Sperry & Wool, Burlington, VT, for Town of Sherburne.

Geoffrey A. Yudien, Vermont Atty. General's Office, Montpelier, VT, for State of Vermont.

Helen M. Toor, Asst. U.S. Atty., Office of the U.S. Atty., Dist. of Vermont, Burlington, VT, for Edward Madigan, U.S., Manuel Lujan.

Stephen Lee Saltonstall, Witten, Saltonstall, Woolmington & Bongartz, P.C., Bennington, VT, for The Nature Conservancy, The Nature Conservancy, Inc.

John J. Welch, Jr., Rutland, VT, for Town of Chittenden.

### OPINION AND ORDER

BILLINGS, District Judge.

The consolidated cases listed above were referred to Magistrate Judge Jerome Neidermeier ("the Magistrate") for his Report and Recommendation as to defendants' motion for summary judgment and plaintiff Town of Sherburne's cross-motion for summary judgment. On March 30, 1994, the Magistrate issued his Report and Recommendation ("Magistrate's Report"). The Towns of Chittenden and Sherburne ("the Towns") have filed their objections to the Magistrate's Report, as have defendants Mike Espy and the United States of America (jointly "the United States" or "the federal defendants").

At issue in these consolidated actions is a purchase of land within the Towns by the United States from The Nature Conservancy ("TNC"). The Towns brought suit to invalidate the purchase, defendants moved for summary judgment, and Sherburne cross-moved for summary judgment. The Magistrate's Report recommends that the defen-

dants' motion be granted and Sherburne be denied. For the reasons that follow, the Court reaches the same conclusion.

### Background

Negotiations for the land purchase giving rise to the present action began in 1986, when, at the behest of the United States Forest Service, The Nature Conservancy purchased the property from its owner, the Stanley Works Company. TNC then conveyed the land to the United States in December, 1990. Claiming that the transfer violated a federal scheme requiring state approval of all land transfers to the United States, and alleging a loss of tax revenues and tax base, the Towns filed suit in March, 1992. They seek declaratory and injunctive relief voiding the purchase and an order retransferring the property to TNC.[1]

The Towns plead federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and cite the Weeks Law, 16 U.S.C. § 515,[2] read in conjunction with a state statute, 1 V.S.A. § 554,[3] as a statutory basis for their suit. However, neither 28 U.S.C. § 1331 nor the Weeks Act waive the federal defendants' sovereign immunity. The Towns now seek to amend their complaints to plead the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, as a jurisdictional basis for suit.[4] The Court shall proceed as if the APA was originally pled.

### Discussion

Summary judgment is appropriate when the Court finds that there is no genuine issue

---

1. Although The Nature Conservancy remains a named defendant, the action is properly brought only against the federal defendants due to the nature of the relief sought.

2. 16 U.S.C. § 515 authorizes the Secretary of Agriculture to purchase "forested, cut-over, or denuded lands within the watersheds of navigable streams," provided that "[n]o deed or other instrument of conveyance of lands ... shall be accepted or approved by the Secretary ... until the legislature of the State in which this land lies shall have consented to the acquisition[.]" *Id.*

3. 1 V.S.A. § 554 establishes a state board to evaluate potential acquisitions by the United States of lands, and obligates the board to "act on a specific parcel only after it has the written approval of the legislative body or selectmen of

the town ... wherein such land, or a part thereof is located." *Id.*

4. The APA provides, in pertinent part:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action ... shall not be dismissed or relief therein be denied on the ground that it is against the United States[.]

5 U.S.C. § 702.

Section 702 functions as a waiver of sovereign immunity for actions other than money damages. *B.K. Instrument, Inc. v. United States,* 715 F.2d 713, 724 (2d Cir.1983).

as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The non-movant, in response to a motion for summary judgment, may not rest on its pleading but must present "significant probative evidence" demonstrating that a factual dispute exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

In order to sue the United States, plaintiffs must show a waiver of its sovereign immunity. *Block v. North Dakota*, 461 U.S. 273, 287, 103 S.Ct. 1811, 1819–20, 75 L.Ed.2d 840 (1983) ("The basic rule of sovereign immunity is that the United States cannot be sued at all without the consent of Congress."). Plaintiffs argue two separate bases for a waiver of sovereign immunity in this case: Section 702 of the APA, and *Larson v. Domestic & Foreign Commerce Corporation*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). The Court will take up each in turn.

■ As to Section 702 of the APA, the Supreme Court has held that two separate requirements must be met in order to find that the United States has waived its sovereign immunity. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). First, the person claiming a right to sue must identify some "agency action" that affects him in the specified fashion. *Id.*, at 882–83, 110 S.Ct. at 3185–86. The specific agency action must be identified in order for plaintiff to bring suit under the APA. *Western Shoshone Business Council v. Babbitt*, 1 F.3d 1052, 1055 (10th Cir.1993); *Paradyne Corp. v. U.S. Dept. of Justice*, 647 F.Supp. 1228, 1231 (D.D.C.1986).

In his Report, the Magistrate found that the acquisition of land by the federal government for national forest purposes does not constitute "agency action" as defined in 5 U.S.C. § 551(13).[5] Magistrate's Report at 8. The Towns argue that the Secretary's acquisition of land, and his refusal to honor plaintiffs' objections, constitute both an "order"

and a denial of "relief" as the APA defines those terms, and thus is agency action. Finding that the Towns fail to meet the second *Lujan* requirement, the Court need not determine whether the land acquisition at issue can be characterized as agency action.

■ The second prong of *Lujan* requires a party seeking review under Section 702 to show that he has "suffered legal wrong because of the challenged agency action, or is adversely affected or aggrieved by the action within the meaning of a relevant statute." *Lujan v. National Wildlife*, 497 U.S. at 883, 110 S.Ct. at 3186. Known as the "zone of interest" test, it too must be met by any plaintiff seeking to establish a waiver of sovereign immunity pursuant to Section 702. *Air Courier Conference of America v. American Postal Workers Union*, 498 U.S. 517, 523, 111 S.Ct. 913, 917–18, 112 L.Ed.2d 1125 (1991); *Western Shoshone Business Council v. Babbitt*, 1 F.3d at 1055.

■ The Towns object to the Magistrate's conclusion that, because they are not the intended beneficiaries of congressional action, they are not aggrieved parties within the zone of interests protected by a federal statute. Magistrate's Report at 10. The Weeks Law, the relevant federal statute in this case, mandates consent to land acquisitions by the state legislature. Finding no evidence that the Weeks Law was intended to protect town tax bases, the Court agrees with the Magistrate that the Towns do not meet the second prong of the *Lujan* test.

■ Plaintiffs thus having failed to show a waiver of sovereign immunity under the APA, the Court will turn to their second basis, the case of *Larson v. Domestic & Foreign Commerce*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628. In *Larson*, the Supreme Court stated that where an officer acts outside of his delegated and legal authority, claims against the officer based upon those actions are not barred by sovereign immunity. *Id.*, at 689, 69 S.Ct. at 1461. The Court finds plaintiffs' reliance on *Larson*

---

**5.** The APA defines "agency action" as "an agency rule, order, sanction, relief, or the equivalent denial thereof." 5 U.S.C. § 551(13).

misplaced. Even a suit brought against an officer for acting beyond his statutory powers will be barred by sovereign immunity if the relief requested "will require affirmative action by the sovereign or the disposition of unquestionably sovereign property." *Id.*, at 691 n. 11, 69 S.Ct. at 1462. Such is the relief requested here.

The Court finds that as a matter of law sovereign immunity has not been waived. Thus, the Towns may not sue the United States.

### Conclusion

There being no material fact in dispute, and defendant entitled to judgment as a matter of law, defendants' motion for summary judgment is hereby GRANTED and Sherburne's cross-motion for summary judgment DENIED. The consolidated actions are hereby DISMISSED.

SO ORDERED.